**Dismissed and Memorandum Opinion filed December 15, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00865-CR

**RUFUS FREDERIC KIRBY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1472238**

## M E M O R A N D U M   O P I N I O N

Appellant Rufus Frederic Kirby appeals his conviction for evading arrest or detention with a vehicle. Appellant entered a guilty plea, and in accordance with the terms of a plea bargain agreement, the State abandoned the enhancement paragraphs and on August 7, 2015, the trial court sentenced appellant to confinement for seven years in the Institutional Division of the Texas Department

of Criminal Justice. Appellant's notice of appeal was not filed until October 6, 2016.

A defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Moreover, the trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Chief Justice Frost and Justices McCally and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).